# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 05-CR-119

JOSE A. TEJEDA,

        Defendant.

_____

## ORDER

Before the court is Jose Tejeda's motion for relief from ineffective assistance of counsel. After a review of Tejeda's motion, the court is constrained to dismiss Tejeda's motion for want of jurisdiction.

This court recently denied Tejeda's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*see Tejeda v. United States of America*, 08-CV-237.) Tejeda raised several claims in his petition, most notably, he claimed that he suffered ineffective assistance of counsel in violation of his Sixth Amendment rights. This is precisely the claim Tejeda brings now. The court finds that Tejeda's motion attacks the constitutionality of his underlying sentence and, as a result, the court must construe his motion as filed under 28 U.S.C. § 2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (stating, "call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis ... the name makes no difference. It is substance that controls."). This is problematic for Tejeda as he has already filed two petitions under § 2255, clearly making his current petition

successive for the purposes of 28 U.S.C. § 2244(b)(3)(A), which provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Tejeda has not obtained the appropriate authorization and, absent permission to file a successive petition, Tejeda's motion must be dismissed. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1990) (stating "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing") (emphasis in original). Because Tejeda's motion attacks the constitutionality of a previously adjudicated issue, his motion is a successive filing that the court is without jurisdiction to consider.

Accordingly,

**IT IS ORDERED** that Tejeda's motion (Docket #37) be and the same is hereby **DISMISSED** for want of jurisdiction.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge